THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SIMEÓN RIVERA, Defendant and Appellant.

No. CR-68-13.      Decided October 22, 1968.

*Gustavo L. Marrero Ledesma* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of a violation of § 4 of the Bolita Act (33 L.P.R.A. § 1250) and was sentenced to serve ten months in jail.

He assigns that the trial court erred (1) in finding him guilty on the basis of insufficient evidence to establish his guilt beyond a reasonable doubt; (2) in failing to admit in evidence the sworn statement of the only witness for the prosecution for the purpose of challenging the veracity of the witness.

The undercover agent, Nelson Vega Rivera, the only witness presented by the People, testified, in synthesis, that he is a state policeman; that his duty is to discover evidence to persecute the prohibited games in Puerto Rico; that on February 20, 1965 he was an undercover agent stationed in Vega Alta and its wards; that on that day he went to eat some oranges at appellant's cart, in front of "Sea Green Room," on Muñoz Rivera Street; that he had known appellant for five months; that the day of the occurrence appellant sold him number 319 for fifteen cents; that appellant jotted down the number on a brown slip of paper where there were other three-digit figures followed by a dash and other figures at the right side; that he did not ask for any receipt of the bet or make any arrest to avoid being discovered.

Appellant argues that it is unbelievable that a person who knows that another person sells bolita, who has been watching him for more than five months and especially every Saturday, never saw appellant selling or offering bolita to other persons in his presence. He points out that "the witness had never before seen the defendant sell or offer bolita to other persons, *but he does know*, according to his testimony, that defendant was engaged in selling bolita because somebody told him." He also points out that "if we come to think about it perhaps the witness, in his work as undercover agent, when he did not see defendant sell bolita to other persons, became tired of waiting; he thought that

it was most convenient to justify what he had been informed, by means of an accusation and thus put an end to the persecution of this defendant"; that the witness who says that he has known defendant for several months prior to February 20, 1965, does not even know, for sure, defendant's name; that he said he knew him as Simeón Rivera and "Layo Boquerón" and notwithstanding that he had known him for several months he did not know that his correct name was Eladio Rivera. Defendant argues that when the witness was confronted with his statement, that is, that which served as the basis to determine probable cause, the latter stated that he went to Arecibo with his information to make the statements of all the cases, and that a week later he took all of them to Morovis to swear them; that proof that the testimony of this witness is not convincing is the fact that the witness was finally asked whether, that day when defendant sold him bolita, Juan Rosado was present, and instead of answering, as he had done before, that is, that "there were several girls buying oranges," he testified that perhaps Juan Rosado was present next to defendant and even that he may have sold bolita to the witness.

Appellant's preceding arguments do not justify the conclusion that the evidence did not establish appellant's guilt beyond a reasonable doubt.

The fact that the witness did not see appellant sell bolita numbers to other persons during the five months he had known him did not necessarily raise doubt as to the veracity of the rest of his testimony. The fact that the witness did not know appellant's true name does not produce that effect either. It is not the duty of the police agent to know the true names or the nicknames of the persons with whom he intervenes. See Rule 58 of the Rules of Criminal Procedure. The witness explained that his sworn statement was offered in Arecibo on April 19, and that due to an error of the person who wrote it the phrase "In Bayamón" appears

therein. Likewise he explained that said Juan Rosado, who he said could have been present next to defendant when the witness bought the number from appellant and even that Rosado could have sold bolita numbers to the witness, was a person who sold bolita numbers to the witness in Vega Alta, which fact he remembered when his memory was refreshed with his statement to that effect.

■ The agent's testimony is sufficient to support the conviction. *People* v. *Cedeño*, 95 P.R.R. 357 (1967); *People* v. *Figueroa Santiago*, 93 P.R.R. 151 (1966). The exceptional circumstances which occurred in *People* v. *Ayala Ruiz*, 93 P.R.R. 686 (1966); *People* v. *Soto Zaragoza*, 94 P.R.R. 332 (1967); and *People* v. *Berríos Marrero*, 95 P.R.R. 232 (1967), do not concur here.

■ Even assuming that the testimony of the witness for the prosecution were admissible, the purpose of its admission consisted in challenging the veracity of the witness because of the discrepancy in relation to the place where the statement was offered. This assignment is obviously frivolous.

In view of the foregoing, the judgment rendered in this case by the Superior Court, Bayamón Part, on September 27, 1965, will be affirmed.